```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

KIMBERLY ALLUMS,                }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }
                                }       2:15-cv-1803-WMA
HELIX SYSTEMS, INC.,            }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION**

Plaintiff Kimberly Allums initiated this action on October 15, 2015. She contends that her former employer, Helix Systems, Inc., unlawfully terminated her in violation of Title VII and 42 U.S.C. § 1981. She also asserts a COBRA violation, which is unrelated to the issues discussed herein. Allums, an African-American woman, alleges that Helix Systems terminated her purportedly because she forwarded company information to her personal email account, even though she did so only in order to work from home and other white and/or male employees did the same without punishment. Allums also previously complained that white and/or male employees generally received preferential treatment from the company. Based on these allegations, Allums asserts claims of race discrimination, sex discrimination, and retaliation. (Doc. 1).

On April 15, 2016, the court notified the parties of its intention to consider the entrance of partial summary judgment on Allums's claims because of her potential failure to satisfy the

requirements of "but-for" causation, as explained in several of the court's cited opinions. The court also noted that it has stayed similar cases pending the outcome of the ongoing appeal in *Savage v. Secure First Credit Union*, 11th Cir. No. 15-12704, a case that provides the Eleventh Circuit with an opportunity to resolve the questions surrounding "but-for" causation. Neither party responded to the court's order within the established deadline.

In her complaint, Allums contends that Helix Systems terminated her because of three separate invidious motives: her race, her sex, and to retaliate against her for complaining about race and sex discrimination. As explained by the Supreme Court in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2523 (2013), a plaintiff who alleges discrimination based on race or sex need only show "that the motive to discriminate was one of the employer's motives," even if it was not the but-for cause of the termination. As to retaliation claims, however, the Court held that the desire to retaliate must be "the but-for cause of the challenged employment action" in order to be actionable. *Id.* at 2528. In a series of cases, this court has found that "[i]f a plaintiff wants to pursue a retaliation claim she must in her complaint 'indicate that retaliation was the "only," or "but-for" motive for her termination [and] must make it perfectly clear in her pleading that there are no proscribed motivations other than an intent to retaliate.'" *Savage v. Secure First Credit Union*, 107 F.

Supp. 3d 1212, 1216 (N.D. Ala. 2015) (quoting *Montgomery v. Bd. of Trs. of Univ. of Ala.*, No. 2:12-cv-2148-WMA, 2015 WL 1893471, at *5 (N.D. Ala. Apr. 27, 2015)).

Allums's retaliation claim fails to satisfy the requirements of but-for causation. Instead of alleging that Helix Systems's intent to retaliate against her was the sole, but-for cause of her termination, she simultaneously alleges that she was terminated because of an intent to discriminate against her based upon her race and her sex. These allegations negate the essential requirements of but-for causation and subject her retaliation claim to dismissal. *See Hendon v. Kamtek, Inc.*, 117 F. Supp. 3d 1325, 1333-34 (N.D. Ala. 2015); *Thomas v. Kamtek, Inc.*, --- F. Supp. 3d ----, 2015 WL 6503672, at *7 (N.D. Ala. Oct. 28, 2015) (both cases holding that plaintiffs cannot escape the requirements of pleading but-for causation in the name of alternative pleading).

Accordingly, Allums's retaliation claim will be dismissed by separate order.

DONE this 16th day of May, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE